PHŒNIX BATTERY MFG. CO. v. NATIONAL CARBON CO.

(Circuit Court, D. New Jersey. February 16, 1900.)

1. PATENTS—GALVANIC BATTERY—INVENTION—ANTICIPATION.

The Hayden patent, No. 500,284. for a galvanic battery, where the leading idea is the combination of a large carbon plug, passing through the cover of the containing vessel, with a coarse screw-thread on the inside end, which engages with a corresponding thread in the solid top of the carbon electrode, and, by its friction and abrasion of the engaging threads, produces a more perfect conductivity than had otherwise been obtained,—the plug also serving as a support for the carbon element,—discloses patentable invention, notwithstanding the essential elements of the combination are old, and was not anticipated by the Harris or Hickley patents.

2. SAME—INFRINGEMENT.

The Hayden patent, No. 500,284, for a galvanic battery, is infringed by a construction containing a screw-threaded carbon plug passing through the cover of the containing vessel, and connecting the electrode with the cover, and interlocking with the electrode and a binding post carried by the plug, and located outside the containing vessel.

In Equity.

Wm. P. Preble, Jr., for complainant.
E. L. Thurston, for defendant.

GRAY, Circuit Judge.  This is a suit for the infringement of the so-called Hayden patent, No. 500,284, for a galvanic battery, granted June 27, 1893, to the Law Battery Company, assignee of M. M. Hayden.  The bill of complaint contains the usual allegations relating to the issuance of the patent, and the present title thereto in the complainant, and it charges the defendant with infringement.  It is stated in the record, however, that "complainant relies only on the first five claims."  The defense relied upon is that, in view of the prior art, the first five claims of the Hayden patent are invalid for want of invention; or, alternatively, that, if not invalid, they must be limited to the particular carbon electrode shown, in which case defendant does not infringe.  Complainant's prima facie case consists of a copy of the Hayden patent in suit; certain assignments thereof; a stipulation that these assignments were executed and delivered by the parties named therein; a specimen of defendant's battery; a stipulation that defendant had made and sold similar batteries, in this district, before this suit was begun; and the testimony of one witness, Arthur S. Pinkham, who was examined as an expert.

The five claims of the patent upon which the complainant relies are as follows:

"(1) In a galvanic battery, the combination, with an electrode, of a separable carbon plug, the electrode and the plug being formed with interlocking parts so that the plug will support the electrode, substantially as described.  (2) In a galvanic battery, the combination, with a containing vessel and its cover, of a carbon electrode and a carbon plug connecting the electrode and cover together, the electrode and plug being formed with interlocking parts for the purpose set forth.  (3) In a galvanic battery, the combination, with a carbon electrode, of a carbon plug screw-threaded into the electrode, and adapted as a support or connection for the same, as set forth.  (4) In a galvanic battery, the combination, with a carbon electrode, of a carbon plug interlocking with said electrode, and a binding post carried by the plug.  (5) In a galvanic battery, the combination, with a containing vessel and its cover, of a carbon electrode, a carbon plug connecting the electrode with the cover, and interlocking with the electrode and a binding post carried by the plug, and located outside the containing vessel."

The patent in suit states that "the objects of the invention are to provide efficient and durable means for supporting and connecting up the carbon elements of such batteries."  The undesirable conditions the invention was intended to remedy are thus described in the patent:

"Heretofore the carbon electrode has sometimes been secured to the cover by a metal connection consisting of a bolt firmly secured on the head of the carbon element, projecting through an opening in the cover, and fitted on the outside with washers and nuts.  With all connections where metal is used, a great deal of trouble is caused by reason of the gases and salts rising from the solution, and getting in between the head of the carbon and the cover, and attacking that portion of the bolt which is exposed in the hole in the cover, or between the cover and the head of the carbon.  This causes corrosion, and finally destruction, of the metal connection, which in many instances means the loss of the entire carbon.  It will be observed that in my construction the connection between the carbon and cover is of material which is not affected by the gases or salts, and no deterioration of the kind mentioned can take place.  At the same time, I provide a serviceable metallic binding post for connecting on a circuit wire, which is so located as not to be affected by the injurious gases or salts of the cell.  An excellent contact between the

binding post and carbon electrode is also acquired by reason of the large screw-threaded surface between the plug and carbon."

The defendant claims that the Hayden patent exhibits nothing new in the art to which it relates, but has been anticipated in all its essential features by different patents theretofore issued and in use. Carefully examined, the patents referred to and set forth in the record, and the expert testimony in relation to them, fail to establish this to my satisfaction. Though in several of these alleged anticipating patents there may be found one or more of the separate elements which go to make up the Hayden invention, none of them exhibit the leading idea of the Hayden patent, which distinguishes the invention of the patentee, to wit, the combination of a large carbon plug, passing through the cover of the containing vessel, with a coarse screw-thread on the inside end, which engages with a corresponding thread in the solid top of the carbon electrode, and, by its friction and abrasion of the engaging threads, produces a more perfect conductivity than had otherwise been obtained; the plug also serving as a support for the carbon element. This accomplished a complete remedy for the corrosion of metal connections, and, by so treating the carbon of the plug as to make it harder, it entirely prevented the "creeping" of the salts, which theretofore tended to deteriorate the metal binding post attached to the circuit wire. While all the essential elements of this combination are admittedly old, I think that the patentee has succeeded in producing a new and useful device for accomplishing a purpose not theretofore achieved, and that these old elements so co-operated as to produce a new result. The producing of this result, I think, involved invention, and therefore patentability.

Neither the Harris nor the Hickley patents, much relied upon by the defendant as anticipations of the essential features of the Hayden device, accomplished what the Hayden patent has accomplished. In the Harris patent the carbon electrode is supported by two metallic screws passing through the cover, but the top of the electrode itself is too thin, and the screws too small, to admit of a mere substitution of the carbon screw-threaded plug of the Hayden patent. In the Hickley patent, though there is a carbon screw-threaded plug, it does not support the electrode, which rests upon lugs inside the containing vessel.

I think the complainant's counsel is right in his claim that Hayden, the patentee of the patent in suit, has "made a galvanic battery consisting of the usual elements and the usual containing vessel, so modified, brought together, and associated that by using a screw-thread under conditions where others used horizontal or vertical bolts; by using carbon with a coarse screw-thread, where others used metal with fine screw-threads; by using a carbon plug which supports, where another used a carbon rod which did not support; by making a galvanic battery, where others made medical batteries or electrolytic baths,—the resultant effect is a powerful, effective, and durable battery, which differs from all others, and which could not be produced by taking any of the others as a basis, and modifying it by ideas taken from the rest of the prior patents." So concluding as to the patentability of Hayden's device, I am also of opin-

ion that the claims of his patent must be so read as to cover the defendant's construction. In this construction we find the essential features of the Hayden combination, to wit, a screw-threaded carbon plug passing through the cover of the containing vessel, and connecting the electrode with the cover, and interlocking with the electrode and a binding post carried by the plug, and located outside the containing vessel. The five claims sued on cover a single invention, and that invention, as described in these claims, seems to me to have been clearly invaded by the defendant. Let a decree be prepared in accordance with the views here expressed.